UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

DAVID ADAMS,

Defendant.

No. 10-cr-82 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

On May 20, 2020, Defendant moved for compassionate release, requesting that the Court modify his sentence to time served and immediately release him to home confinement and a period of supervised release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (Doc. No. 189.)  On May 15, 2020, the government submitted a letter opposing Defendant's motion (Doc. No. 191), and on May 20, 2020, Defendant submitted a reply to the government's opposition (Doc. No. 194).  Based on these submissions, there is no dispute that Defendant (1) suffers from a serious underlying heart condition that the CDC has recognized could put him at greater risk for complications due to COVID-19; (2) has received a positive COVID-19 test on April 27, 2020; and (3) has not exhibited any symptoms since that date.

In light of these facts, the Court ordered the parties to make additional submissions to the Court regarding:

> (1) whether Defendant has manifested any symptoms of the virus since his positive COVID-19 test on April 27, including since Defendant last updated the Court on May 20; (2) whether Defendant is susceptible to continued harms from the virus more than 30 days after his positive diagnosis; (3) whether persons who have tested positive for COVID-19 are likely to become re-infected at a later date; (4) whether Defendant is more likely to infect third parties at FCI Terminal Island or if released and transported to his parents' residence; and (5) the likelihood that Defendant's positive COVID-19 test on April 27 was a false positive.

(Doc. No. 195.) The Court is now in receipt of the parties' submissions (Doc. Nos. 196, 197), which are summarized as follows:

(1) Whether Defendant has manifested any symptoms of the virus since his positive COVID-19 test on April 27. Defendant states that while he has not experienced any noticeable symptoms of the virus, he has not seen a cardiologist since his initial diagnosis with COVID-19. (Doc. No. 196 at 1.) Accordingly, Defendant contends that "whether or not [he] has experienced certain external symptoms, we cannot know the actual impact of the virus on [his] body unless a cardiologist evaluates him." (*Id.* at 2.) The government responds that the lack of a cardiology consultation "alone is no reason simply to release [Defendant] into the community," and that "[a]lternate remedies, such as a court order directing that a cardiology consultation take place within a reasonable period of time, could address this issue." (Doc. No. 197 at 1–2.)

(2) Whether Defendant is susceptible to continued harms from the virus more than 30 days after his positive diagnosis. Defendant maintains that "there is no known time limit on the harms of COVID-19," and thus "the fact that more than 30 days have passed since [his] positive diagnosis affords us no medical certainty that he is not at risk." (Doc. No. 196 at 2.) The government responds that Defendant "incorrectly conflates COVID-19 patients who are symptomatic and experience a protracted period of illness, with asymptomatic COVID-19 patients who manifest no symptoms whatsoever, like the [D]efendant," since "information provided by the CDC has consistently indicated that symptoms of COVID-19 typically present within approximately 4–6 days from exposure to the virus, and that virtually all people who have COVID-19 will develop symptoms within 11.5 days of becoming infected with the virus." (Doc. No. 197 at 2.)

(3) Whether persons who have tested positive for COVID-19 are likely to become re-

infected at a later date. Both Defendant and the government admit that the risk of reinfection is not yet known (*see* Doc. No. 196 at 3; Doc. No. 197 at 3), but the government notes that there is some evidence that those who have recovered from COVID-19 will likely have immunity for some period of time (Doc. No. 197 at 3).

(4)  Whether Defendant is more likely to infect third parties at FCI Terminal Island or if released and transported to his parents' residence. Defendant argues that if he is still infectious, he would be less likely to infect others if released to his home. (Doc. No. 196 at 4.) The government responds that "the defendant is logically more likely to infect others through his transfer into the community from FCI Terminal Island, where the majority of inmates have already contracted COVID-19" (Doc. No. 197 at 3–4).

(5)  The likelihood that Defendant's positive COVID-19 test on April 27 was a false positive. Both parties agree that there is no reason to believe that Defendant's test was a false positive. (*See* Doc. No. 196 at 5; Doc. No. 197 at 4.)

Because both parties agree that a cardiology consultation would be beneficial in understanding the impact of COVID-19 on Defendant's heart, and because the Court is unlikely to grant the extraordinary remedy of compassionate release without additional information on this subject, IT IS HEREBY ORDERED THAT the Bureau of Prisons will arrange for Defendant to be examined by a cardiologist not later than July 1, 2020, and that Defendant shall update the Court regarding the findings of that examination within two business days of receiving the results.

SO ORDERED.

Dated:   June 10, 2020
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation